**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-00019-NYW

THEKNIK KHOKHWAN,

     Petitioner,

v.

TODD LYONS, in his official capacity,
MADISON SHEAHAN, in her official capacity, and
JUAN BALTAZAR, in his official capacity,

     Respondents.

---

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. The Petition is fully briefed. [Doc. 15; Doc. 16]. Upon review, the Petition is respectfully **DENIED**.

### BACKGROUND

Petitioner Theknik Khokhwan ("Petitioner" or "Mr. Khokhwan") is a native and citizen of Thailand. [Doc. 15-1 at ¶ 4]. On December 21, 2010, he was admitted to the United States on a B-2 nonimmigrant visa with authorization to remain until June 20, 2011. [*Id.* at ¶ 5]. He remained in the United States beyond the authorized period. [*Id.*].

On June 6, 2024, Petitioner was taken into custody by U.S Immigration and Customs Enforcement ("ICE") officers in Grand Junction, Colorado. [*Id.* at ¶ 7]. The next day, the Department of Homeland Security issued Petitioner a Notice to Appear ("NTA"), initiating removal proceedings under 8 U.S.C. § 1229a. [*Id.* ¶ 8]. On January 16, 2025,

an Immigration Judge ("IJ") ordered Petitioner removed and denied his applications for asylum and withholding of removal. [*Id.* at ¶ 11; Doc. 1 at 24]. Petitioner appealed to the Board of Immigration Appeals ("BIA"). [Doc. 15-1 at ¶ 12]. On June 4, 2025, the BIA affirmed the IJ's decision and the order of removal became administratively final. [*Id.* at ¶ 17; Doc. 1 at 28].

ICE then sent Petitioner at least two travel document applications to arrange his removal. According to Respondents, ICE sent Petitioner a travel document application for Thailand for him to complete on August 6, 2025. [Doc. 15-1 at ¶ 20]. He did not complete the application. [*Id.*]. On August 15, 2025, ICE served Petitioner with a Form I-229(a), Warning for Failure to Depart. [*Id.* at ¶ 21]. The Form I-229(a) notified Petitioner of the consequences of failing to make a timely application for a travel document, including that the removal period shall be extended beyond 90 days, and he will remain in detention if he fails to complete a travel document application. [*Id.*]. On September 18, 2025, Petitioner told an ICE officer that he would not comply and refused to aid ICE in obtaining a travel document. [*Id.* at ¶ 23]. On October 15, 2025, ICE served Petitioner with a Notice of Failure to Comply pursuant to 8 C.F.R. § 241.4(g), which: (1) informed him that his removal period was extended; (2) advised him of potential criminal penalties should he continue to refuse to cooperate with ICE's removal efforts; and (3) notified him that he would remain in ICE custody until he can demonstrate reasonable efforts to cooperate with ICE. [*Id.* at ¶ 24; Doc. 1 at 30]. ICE has sent Petitioner at least four additional travel document applications that he failed to complete, including one sent on January 21, 2026. [Doc. 15-1 at ¶¶ 25–27, 29].

Petitioner agrees that he received a travel document application from ICE on

August 6, 2025. [Doc. 16 at 1]. He states that he completed the travel document application and sent it back to ICE. [*Id.*]. But he never received a response from ICE regarding the application. [*Id.*]. According to Petitioner, the only other time he received another travel document application from ICE was on January 21, 2026. [*Id.*]. He states that "[a]t that time I already had started my application for a Writ of Habeas Corpus and I did not fill such application out for obvious reasons." [*Id.*]. Petitioner maintains that, contrary to the assertion of Respondents, he only received a travel document application from ICE on those two dates. [*Id.*]. He contends that his detention has become unconstitutionally prolonged and that he must be released. [Doc. 1 at 8–9].

## LEGAL STANDARDS

### I.   Habeas Corpus

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner bears the burden to demonstrate that he is entitled to relief. *See, e.g.*, *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257 (D. Colo. 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner . . . .").

### II.   Pro Se Filings

The Court liberally construes the Petition and other papers filed by Petitioner

3

because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court cannot and does not act as his advocate.  *See Hall*, 935 F.2d at 1110.

## ANALYSIS

Mr. Khokhwan argues that his continued detention in ICE custody violates 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment.  [Doc. 1 at 8].  Section 1231(a) authorizes the detention of noncitizens ordered removed from the United States.  "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  § 1231(a)(1)(A).  The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).  "During the removal period, the Attorney General shall detain the alien."  § 1231(a)(2) (emphasis added).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens.  *See* § 1231(a)(6).  But detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*

4

Here, Petitioner's notice of removal became final on June 4, 2025. [Doc. 15-1 at ¶ 17; Doc. 1 at 28]. His detention was thus "presumptively reasonable" under *Zadvydas* for only six months from that date, which was December 4, 2025. But Petitioner has conceded that he failed to complete a travel application document that he received on January 21, 2026. [Doc. 16 at 1].

When an immigration detainee refuses to accept or acknowledge required forms "to assist in [removal]" and "refuse[s] to complete an application for a . . . passport," the applicant's detention does "not raise the specter of indefinite detention." *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008); *see also Singh v. Barr*, No. 17-cv-03057-DDD, 2019 WL 2452822, at *4 (D. Colo. June 12, 2019) ("And, as in *Abiodun* but unlike *Zadvydas*, there is no showing that India would not receive [the petitioner], and his continued detention is of his own doing." (cleaned up)).

The Court finds *Abiodun* persuasive and controlling. Although there is a factual dispute as to how many times and when ICE requested a travel document application from Petitioner, he admits that he failed to complete the application he received on January 21, 2026. As in *Abiodun*, ICE officials are "actively seeking [Petitioner's] removal," "there is no indication they will not succeed," and the main cause of the delay appears to be Petitioner's acknowledged refusal to complete travel documents. *Abiodun*, 264 F. App'x at 729. Petitioner therefore fails to show that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see also Pelich v. Immigr. & Naturalization Serv.*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own

5

detention."). Accordingly, Petitioner's detention remains "reasonable" under *Zadvydas*, 533 U.S. at 701, and habeas relief is not warranted at this juncture.

## CONCLUSION

For the reasons set forth in this Order, it is **ORDERED** that:

(1)     The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DENIED**, and

(2)     Petitioner's "Decision Request" [Doc. 17] is **DENIED as moot**.

DATED:  July 30, 2026                               BY THE COURT:

_____
Nina Y. Wang
United States District Judge

6